McCALEB, Justice
(dissenting).
I adhere to the views expressed in my dissenting opinion on first hearing and further elaboration would be unnecessary but for the fact that the majority opinion on rehearing attempts to answer two of the arguments advanced by relators which were not discussed in the original opinion.
First, while the majority opinion apparently concedes that Jack McCrocklin was required to have an express power from his mother to donate the bonds, it is concluded that the evidence establishes that he had such a power. But this resolution, like all other factual findings in the case, is based solely on hearsay, i. e., McCrocklin’s statement that his mother told him she wished to give the bonds to Miss Johnson.
In deciding this case on the hearsay and admittedly weak evidence of McCrocklin as to instructions given him by his mother prior to her death, the majority deduce that his testimony is sufficient to establish the reality of the alleged donation since it is corroborated by several alleged substantial circumstances. The first, which the majority opinion states to be the most important and strongest, is the fact that Mc-Crocklin would benefit personally, as one of the forced heirs, if the alleged donation was held ineffective. Of course, this may be true if the alleged donation is a real donation. But it is difficult to perceive how this is a circumstance corroborative of Mc-Crocklin’s testimony — for to say that his *427 testimony is more credible because he would gain more financially than otherwise, if the donation is not sustained, is purely a matter of speculation. Such a resolution delves into the realm of motives, or lack thereof, and motive cannot be used as a substitute for corroboration.
Moreover, I fail to discern any substance in the other alleged corroborating circumstances to which the majority advert. The fact that McCrocklin actively handled his mother’s business affairs for a number of years certainly cannot corroborate the factual existence of a mandate to donate the bonds which, under Article 2996 of the Civil Code, must be ex-press. This is to say that the Codal Article means nothing.
Nor can the fact that McCrocklin told the banker that his mother wanted the bonds delivered to Miss Johnson corroborate his testimony that he had such authority. If the majority holding is correct in this respect, then hearsay becomes increasingly believable with the number of times it is repeated and each repetition is a corroborating circumstance.
And, lastly, the fact that McCrocklin’s brother did not join the relators in assailing the reality of the donation can hardly, in my view, be regarded as a circumstance corroborating McCrocklin’s testimony. This is .totally irrelevant, dealing simply with the action or lack of action of one not a party to the suit. Yet it is now used as a corroborative circumstance to determine the reality of the donation.
I respectfully dissent.